IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT WHIPKEY, on behalf of himself and all others similarly situated, | ) ) ) | No. 1:02-CV-1030 |
| Plaintiff, | ) ) ) | JUDGE O'MALLEY |
| v. | ) ) | **MOTION FOR AWARD OF ATTORNEYS' FEES** |
| R.R. DONNELLEY & SONS COMPANY, | ) ) ) ) | |
| Defendant. | ) | |
| | | |
| MICHAEL ADAMS et al., | ) ) ) | No: 1:05-CV-02760 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| R.R. DONNELLEY & SONS COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

Now come Plaintiffs' Counsel, Seeley Savidge & Ebert Co., L.P.A. and Licata & Associates Co., L.P.A. ("Movants") and move this Court pursuant to Federal Rules of Civil Procedure, Rule 23 (h)(1) and Rule 54(d)(2) for an order approving attorneys' fees to be awarded to said Counsel as part of and in conformity with the proposed settlement pending before this Court.

A brief in support of this motion, with accompanying exhibits, is attached hereto and

incorporated herein by reference.

                    Respectfully submitted,
                    LICATA & ASSOCIATES CO., L.P.A.


                    __/s/Louis J. Licata_____
                    LOUIS J. LICATA [0007034]
                    THOMAS S. AMATO [0057563]
                    JEREMIAH J. WOOD [0075728]
                    6480 Rockside Woods Blvd. South, Suite 390
                    Independence, Ohio 44131
                    Telephone (216) 573-6000; Fax (216) 573-6333
                    E-mail:  ljl@licatalaw.com
                              tsa@licatalaw.com
                              jjw@licatalaw.com


                    DAVID T. REED (0029430)
                    KEITH A. SAVIDGE (0014242)
                    Seeley, Savidge & Ebert Co., L.P.A.
                    600 Superior Avenue East, Suite 800
                    Cleveland, Ohio 44114
                    Phone: (216) 566-8200
                    Fax: (216) 566-0213
                    Email: dtreed@sse-law.com
                            kasavidge@sse-law.com

                    Attorneys for Plaintiffs

# BRIEF

## I. STATEMENT OF THE CASE

Plaintiff Albert Whipkey originally filed his Complaint on May 31, 2002 under the Fair Labor Standards Act ("FLSA") for unpaid and underpaid overtime hours. (The *Whipkey* case) This matter was converted to a collective action and thereafter, following extensive motions practice, ninety-six (96) Donnelley employees joined the action. Subsequent to the final determination of the scope of the collective members, extensive discovery was conducted between the parties. Following unsuccessful mediation in mid summer 2005, the parties engaged in deposition and expert discovery. Fourteen plaintiffs were deposed by Donnelley in Cleveland, Los Angeles, Philadelphia, Denver and Chicago. Donnelley management employees were deposed in Chicago, Illinois. On November 30, 2005, Plaintiffs Counsel prepared and filed a similar lawsuit on behalf of Michael Adams and others to pursue damages for unpaid overtime pay from December 1, 2002 through November 30, 2005. (The *Adams* case.) All thirty (30) plaintiffs in the Adams case are also plaintiffs in *Whipkey*.

The parties recently conducted a second mediation session and have reached a proposed settlement. Plaintiffs' counsels now make application for an approval of their attorneys' fees.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure, Rule 23 states in relevant part as follows:

> (h) ATTORNEYS FEES AWARD. In an action certified as a class action, the court may award reasonable attorney fees and non-taxable costs authorized by law or by agreement of the parties as follows:
>
> (1) *Motion for Award of Attorney Fees*. A claim for an award of attorney fees and nontaxable costs must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision, at a time set by the court. Notice of this motion must

3

> be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

Federal Rule of Civil Procedure, Rule 54(d)(2) states in relevant part as follows:

> (2) *Attorneys' Fees*.
>
> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

It is long established that an award of attorney fees under §§ 216(b) is mandatory but the amount awarded is within the discretion of the District Court. M*ontgomery Ward & Co. v. Antis*, 158 F.2d 948, 952 (6th Cir.), cert. denied, 331 U.S. 811, 67 S. Ct. 1202, 91 L. Ed. 1831 (1947). The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees. See generally L*ouisville Black Police Officers Org. Inc. v. Louisville*, 700 F.2d 268 (6th Cir. 1983); *Northcross v. Board of Ed.*, 611 F.2d 624 (6th Cir. 1979) cert. denied, 447 U.S. 911, 100 S. Ct. 2999, 100 S. Ct. 3000, 64 L. Ed. 2d 862 (1980).

The design of the Fair Labor Standards Act is intended to rectify and eliminate "labor conditions detrimental to the maintenance of the minimum standard of living" for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act. Moreover, the purpose of § 216(b) is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances; "obviously Congress

intended that the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs". Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946). Moreover, the act imposes on the errant employer the burden of financing plaintiff's case to the extent of court costs and a judicially determined reasonable rate of pay for plaintiff's counsel. The fact that the plaintiff has entered into an agreement with the lawyers prosecuting the case does not impact on the statutory burden of the employer, as the latter must pay what the district court determines to be a reasonable rate. The existence of a contingency contract may be viewed by a district court as an element to be considered in determining the market value of an attorney's services, but the court is not bound in any sense by that agreement . *United Slates, etc., Local 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, (6th Circuit 1984)*

III. ARGUMENT

Each of the Plaintiffs in these actions signed legal fee agreements that contained the following provisions:

> "**Attorney Fees and Expenses:** We are entitled to attorney fees for services rendered **ONLY IF** You actually obtain a recovery from the Defendant. Our fees for services rendered will be a percentage of the recovery and depend on the stage at which recovery is received in accordance with the following.
>
> **Prior** to the commencement of the trial — **33%** of all money and property collected *or fees awarded by the Court and paid by the Defendant, whichever is greater.* (Emphasis added.)
>
> **After** the commencement of the trial — **40%** of all money and property collected or fees awarded by the Court and paid by the Defendant, whichever is greater."

Movants herein respectfully request attorney fees over and above the thirty-three percent contingent fee. The resources of both law firms have been allocated to the prosecution of these

cases for the past four years and as such have dedicated a vast number of hours to the cause. Each firm has diligently maintained records of all time spent on these matters.  (See Exhibits "A" and "B").  As of the filing of this motion Seeley, Savidge & Ebert Co., LPA billed a total of 1,260 hours at rates ranging from $60.00 to $275.00 an hour.  Licata & Associates Co., LPA billed a total of 1004.10 hours at rates ranging from $125.00 to $275.00 an hour.  The Seeley's firm balance is $250,918.96 and the Licata firm balance is $221,884.50.  The total is $472,763.46.  A supplement may be presented at the time of hearing to request the time devoted to this case from the time of filing of this motion forward.

Reasonable attorneys' fees are determined using the lodestar approach.  Under this approach, the court must first determine the number of hours reasonably expended on the merits of the litigation. *Batt v. Micro Warehouse, Inc., 241 F.3d 891, 893-94 (7th Cir. 2001)*. Then the court must determine a reasonable hourly rate. Id. at 894. Multiplication of these two amounts results in the lodestar, which is presumed to be a reasonable fee, *City of Burlington v. Dague, 505 U.S. 557, 562, 120 L. Ed. 2d 449, 112 S. Ct. 2638 (1992)*. n2  However, the court can discount or increase the lodestar based on a variety of factors. *Bankston v. Illinois, 60 F.3d 1249, 1255 (7th Cir. 1995)* (citing *Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)*, overruled on other grounds by *Auer v. Robbins, 519 U.S. 452, 137 L. Ed. 2d 79, 117 S. Ct. 905 (1997)*).

1.  **Hours Reasonably Expended**

The Movant has the burden of proving the reasonableness of the hours expended and should "exclude from his or her request excessive, redundant or otherwise unnecessary expenses." *Batt, 241 F.3d at 894.*  Movants herein have expended over 2,200 hours on this case over the past

6

four years. Movants have carefully documented the time spent on this case. The detailed time summaries from each firm are attached hereto as Exhibits "A" and "B."

### 2. Reasonableness of the Hourly Rate

A 'reasonable' hourly rate should reflect the 'market rate' for the attorney's services." *Batt, 241 F.3d at 894* (internal citation omitted). "'The attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate.'" *Mathur v. Bd. of Trs. of S. Ill. Univ., 317 F.3d 738, 743(7th Cir. 2003)*(quoting *Spegon v. Catholic Bishop of Chi., 175 F.3d 544, 555(7th Cir. 1999))*. Movants' hourly rates are set forth in the attached exhibits to this motion and reflect hourly rates from $60 to $275 an hour, which are more than reasonable in this geographical area for this type of litigation.

### 3. Adjustment of the Lodestar

The court can adjust the lodestar in light of several factors known as "the Hensley factors." *People Who Care v. Rockford Bd. of Educ., 90 F.3d 1307, 1310-11 (7th Cir. 1996)* ("*People Who Care I*") (citing *Hensley v. Eckerhart, 461 U.S. 424, 436, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983))*. Many of these factors may be subsumed within the lodestar itself, in which case the court need not give them separate consideration. *Id.* The party advocating adjustment of the lodestar bears the burden of establishing that such an adjustment is necessary. *City of Burlington, 505 U.S. at 562; Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992)*. Hensley reduces these considerations to a two-part test. *Hensley, 461 U.S. at 434*. First, the court should ask, "did the plaintiff fail to prevail on claims that were related to the claims on which he succeeded?" *Id.* Under Hensley, claims are related if they arise out of a common core of facts or have related legal theories. *Id.* If they are related, the court should then ask, "did the plaintiff achieve a level of success that makes the hours

reasonably expended a satisfactory basis for making a fee award?" *Id.* In addressing the second question, you consider the results the plaintiff achieved, not whether he prevailed on each legal claim or theory. *Jaffee, 142 F.3d at 414.* If the plaintiff obtained "'all that he reasonably could have asked for,'" the attorney should be fully compensated. *Id.* (quoting *Lenard v. Argento, 808 F.2d 1242, 1245 (7th Cir. 1987))*; accord *Hensley, 461 U.S. at 435* ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee."); *Ustrak v. Fairman, 851 F.2d 983, 988 (7th Cir. 1988)* ("A partially prevailing plaintiff should be compensated for the legal expenses he would have borne if his suit had been confined to the ground on which he prevailed plus related grounds within the meaning of Hensley.").

  4. **The novelty, complexity, and difficulty of the questions involved.**

The Court needs only to review the motions to expand the collective action class and the motions for summary judgment to appreciate the complexity and wide factual scope of this case. This claim has been vigorously defended both factually and intellectually. The complexity of this case has caused many hours of research and reviewing of the latest authorities in this area of the law. In the recent case of *Wilkes v. J & J Enterprises, Inc.*, 2005-LW-0100 (8th), Eighth District Court of Appeals, the parties stipulated to an hourly fee of $250 per hour for Plaintiff's counsel who successfully prosecuted a wage claim under federal and state laws. (See attached Exhibit "C.")

  5. <u>The professional skill required to perform the necessary legal services.</u>

This case required the highest level of litigation skills from pleadings to extensive fact and expert depositions. Movants were required to manage information processing for nearly one-hundred plaintiffs situated throughout the country. Movants engaged in extensive motion practice regarding issues that required expertise and specialization in the relevant areas of law.

8

6. <u>The experience, reputation and ability of the attorneys</u>.

Movants believe the proposed settlement represents a very satisfactory result of the claim. Defendant has been exceedingly reluctant to compensate its employees for the unpaid overtime and a payment of one million dollars represents an excellent result for the employee plaintiffs. Based upon the nature of the case, the expertise involved, and the time and effort expended, Movants are entitled to hourly rates as set forth in the attached invoices and for legal fees the total sum of $472,763.46.

## III. <u>CONCLUSION</u>

For all of the forgoing reasons, Movants respectfully request this Court issue an order approving attorney's fees in an amount consistent with the exhibits and any oral testimony requested by this Court.

                                                        Respectfully submitted,

                                                        LICATA & ASSOCIATES CO., L.P.A.

| | |
|---|---|
| | ___/s/Louis J. Licata_____ |
| DAVID T. REED (0029430) | LOUIS J. LICATA [0007034] |
| KEITH A SAVIDGE (0014242) | THOMAS S. AMATO [0057563] |
| Seeley, Savidge & Ebert Co., L.P.A. | JEREMIAH J. WOOD [0075728] |
| 800 Bank One Center | 6480 Rockside Woods Blvd. South, Suite 390 |
| 600 Superior Avenue, East | Independence, Ohio 44131 |
| Cleveland, Ohio 44114 | Telephone:   (216) 573-6000; |
| Telephone:   (216) 566-8200 | Facsimile:    (216) 573-6333 |
| Facsimile:     (216) 566-0213 | E-mail: ljl@licatalaw.com |
| Email:  dtreed@sse-law.com |           tsa@licatalaw.com |
|         kasavidge@sse-law.com |           jjw@licatalaw.com |
| Attorneys for Plaintiffs | Attorneys for Plaintiffs |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 29, 2006, a copy of the foregoing Motion for Award of Attorneys' Fees was filed electronically with the Court. Notice of this filing will be sent to all parties by operation of the Court's Electronic filing system. Parties may access this filing through the Court's system.

<u>/s/ Louis J. Licata</u>
LOUIS J. LICATA [0007034]
Attorney for Plaintiffs
